NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0945n.06
Filed: December 1, 2005

No. 04-4183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant.

v.

JEFFREY E. MILLER,

    Defendant-Appellee.

                      /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE:    KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.**  The Government appeals the September 8, 2004 order from the United States District Court for the Northern District of Ohio, the Honorable David A. Katz, presiding, sentencing Defendant, Jeffrey E. Miller, to two years probation for Defendant's violation of 18 U.S.C. § 922(g). The Government argues that the district court's downward departure from the recommended sentencing range under the United States Sentencing Guidelines is unreasonable. For the reasons set forth below, this Court **VACATES** the sentence and **REMANDS** for resentencing.

## DISCUSSION

**I.  Procedural History**

Defendant pled guilty to one count of unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g).  The district court sentenced Defendant to two years of probation on August 30, 2004.  The order of judgment for the sentence was entered on September 8, 2004.  The Government filed a timely notice of appeal on September 25, 2004.

**II.  Substantive Facts**

In July 2003, Defendant reported a burglary of his home to local authorities, indicating that among the stolen items was a .45 caliber semi-automatic handgun that he kept in his bedroom. Defendant showed the responding officers two other guns in his residence, including a Remington Model 700 rifle.  Three weeks later, Defendant's brother, who resided with Defendant, reported another break-in, indicating that two shotguns, one rifle, and ammunition had been stolen.  Upon responding to the call, officers confiscated the Remington Model 700, which had not been stolen, after learning that Defendant had prior felony convictions and had not received permission to possess firearms.  The Remington rifle served as the basis for the § 922(g) prosecution.  Defendant alleges, and the Government does not contest, that the rifle belonged to Defendant's brother. Defendant does not contest, however, that his constructive possession of the weapon in his home is a violation of 18 U.S.C. § 922(g).

Defendant has two prior felony convictions and a charge for driving under the influence.  In 1988, Defendant was arrested for and subsequently convicted of dealing in cocaine.  In 1992, Defendant was arrested for and subsequently convicted of possession of counterfeit money. In 2001,

2

Defendant was charged with driving while under the influence; the charge was reduced and Defendant paid a fine and attended an intervention program.

The presentence report calculated Defendant's base offense level at 20 under the United States Sentencing Guidelines. The report recommended a downward departure of two levels for acceptance of responsibility pursuant to § 3E1.1(a) of the Guidelines and a discretionary downward departure of one level pursuant to § 3E1.1(b). The Government agreed at the sentencing hearing to the total calculated offense level of 17.

Defendant's criminal history placed him as a category IV offender. The parties agreed that an offender with a criminal history of category IV with an offense level of 17 resulted in a recommended sentence of 37 to 46 months incarceration.

Defendant filed a motion for downward departure, citing the following reasons:

1.     Defendant's criminal history category significantly overrepresented the likelihood that Defendant will commit another offense, given Defendant's current position in the community and the significant time passed since his last offense,

2.     Defendant's conduct did not threaten the harm sought to be prevented by § 922(g),

3.     Defendant has rehabilitated himself from his past offenses, and

4.     Defendant's incarceration would result in the loss of jobs for at least eight employees of Defendant's home construction business.

At the sentencing hearing, the district court referenced Defendant's past violations as "old," and stated that absent the Guidelines, the court would find Defendant's criminal history category "at most" a category III, and that the court would depart downward from that determination. (J.A. at 13.) The court went on to note:

3

> The kind of crime that we have here from what I have read in everything that is before me is an unplanned possession of a hunting rifle or a hunting instrument, and to send this gentleman away for 37 months is a miscarriage of justice as I view justice. Therefore I will not do that . . . . Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant . . . is hereby placed on probation for a period of two years.

(J.A. at 13.) In the judgment of sentence, the district court listed its reasons for the downward departure:

> the defendant's conduct did not threaten the harm sought to be prevented by the law proscribing the offense; 2) the defendant has been substantially & extraordinarily rehabilitated subsequent to his prior offenses; and 3) the incarceration of the defendant would result in loss of his job and business for suppliers and contractors and would be a miscarriage of justice.

(J.A. at 23.)

## DISCUSSION

### *Standard of Review*

This Court reviews a district court's downward departure from the recommended guidelines sentencing range for reasonableness. *See United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005); *see also United States v. Booker*, 125 S. Ct. 738, 765 (2005).

### *Analysis*

This Court concludes that the district court's sentence is not supported by adequate analysis to enable meaningful appellate review.

**A. The District Court Must Consider the Statutory Factors and Articulate Its Rationale for Departure**

While the sentencing guidelines are advisory in nature, this Court requires lower courts, at a minimum, to consider the factors set forth in 18 U.S.C. § 3553(a) when imposing sentence. *See*

*United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) ("[R]eview for reasonableness is not limited to consideration of the length of the sentence . . . . [W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.") (internal quotations, citation, and footnote omitted). "Thus, under this [post-*Booker*] sentencing scheme, district courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, 18 U.S.C. § 3553(a)(4), but only as one factor of several laid out in § 3553(a)." *Jackson*, 408 F.3d at 304(internal citation omitted); *see Booker*, 125 S. Ct. at 764 ("Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals.").

This Court has further held that while district courts enjoy greater discretion in sentencing than in the pre-*Booker* environment, the courts must still articulate the reasons underlying the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c). *See Jackson*, 408 F.3d at 305. *Booker* requires the district court to both acknowledge a defendant's applicable Guidelines range *and* discuss the reasonableness of a variation from that range. *Id.* Without any discussion of its rationale, this Court's meaningful review of the sentence's reasonableness is impossible. *Id.* A list of reasons is insufficient to justify a significant downward departure without any accompanying discussion. *Id.* at 304-05 (holding court's list of seven reasons for 8-level downward departure insufficient to withstand reasonableness review).

**B.**     **The District Court's Unsupported Sentence is Unreasonable**

The district court did not support its downward departure with any significant discussion. The lower court merely noted that imposition of the guideline range would be a "miscarriage of justice" in its view. (J.A. at 13.) While the judgment of sentence lists three reasons for the downward departure, the Court has held that mere lists are inadequate justification for significant departures. *Jackson*, 408 F.3d at 305. Without any meaningful analysis underlying the district court's 14-level downward departure, this Court cannot fulfill its obligation to evaluate the sentence for reasonableness. We therefore remand for resentencing.

## CONCLUSION

For the reasons set forth above, this Court **VACATES** the sentence and **REMANDS** for resentencing consistent with this opinion.